27¡,e court granted a re hearing of the cause. And afte a re-argument, Judge Underwood delivered the opinio of the court as follows:
Upon reconsideration, we are of opinion that the. third count in the declaration will support the verdict a!i<^ judgment. The averments are not very clear and direct; but taking the whole of them together, it shows that Lansdown received an order, drawn by Mason 011 May, for $ 100 payable in groceries, in discharge of a debt for that amount, due him by Mason; that the order was accepted by May; that it was delivered by Lansdown to Mav, who retained it,and promised by parol to discharge the amount thereof.
The surrender of the order with the acceptance endorsed, and its retention by May, together with the presumption resulting from the whole transaction, that. Lansdown discharged Mason, all which we now look upon as sufficiently established, by the declarations as well as the proof, constitute a sufficient consideration (o uphold the assumpsit by May to Lans-down, Upon our first view of ¡he case, we were disposed to think that the declaration placed the consi-do'Mion for the assumpsit declared on, entirely in the acceptance of the order. As the order was not a mercantile instrument, or bill of exchange, we were inc|ined to think, that a written acceptance of it would amount to a,covenant .to-pay according to the request, and consequently, in this view of the case, an actior 0f assumpsit could not be maintained. Regarding fjjC acceptance as made by parol, then it was mere!) an undertaking to pay the debt of auother without any consideration; for it did not appear from any u-verment, that Mason had discharged May from the debt due by May to Mason, on account of the acceptance of the order. In either view the declaration was deemed insufficient. But now looking upon the surrender of the order by Lansdown, after its acceptance, and the taking it in by' May, as a settlement of the debt due by May to Mason, and likewise, that due by Mason to Lansdown, we perceive an ample consideration to sustain the parol promise made by May to Lansdown, to discharge the order.
Feemster, for plaintiff; T. A .Marshall, for defendant.
Wherefore, we now think the court correctly overruled the motion in arrest of the judgment. We think the evidence warranted the verdict. Consequently, the judgment must be affirmed with costs and damages. •